UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NICOLE M. P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04051-SLD-RLH |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Nicole M. P.'s application for attorney fees, ECF No. 14, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States. Nicole requests that the Court award her $4,650.00 in EAJA fees. Appl. Att'y Fees 3. For the reasons that follow, the application, construed as a motion, is GRANTED.

**BACKGROUND**

Nicole filed this suit in February 2025, seeking judicial review of Defendant Commissioner of Social Security Frank Bisignano's ("the Commissioner") final decision denying her claim for disability insurance benefits and supplemental security income. Compl., ECF No. 1. The parties jointly moved for the Court to reverse the Commissioner's decision and remand the case for further proceedings. Joint Mot. Remand, ECF No. 11. The Court granted this motion, Order, ECF No. 12, and judgment was entered on August 1, 2025, Judgment, ECF No. 13. Nicole filed her application for fees on August 8, 2025. *See* Appl. Att'y Fees 1. The Commissioner does not object to the motion. Resp. 1, ECF No. 15.

1

## DISCUSSION

I. **Attorney's Fees Under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Nicole is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Nicole's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has

ended."). Nicole filed her application before her time to appeal even ran, *see* Fed. R. App. P. 4(a)(1)(B) (providing that either party has sixty days to appeal in a case involving the United States or a United States officer), so it was certainly timely.

The next issue is whether the government's position was "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner agreed to remand the case for further proceedings and does not oppose Nicole's request for EAJA fees, so he cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Nicole is entitled to recover reasonable attorney's fees under the EAJA.

II.     **Reasonableness of Nicole's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.

28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Nicole's attorney's statement of time. *See* Attorney Time Notes, ECF No. 14 at 6. This shows that Nicole's attorney spent 17.6 hours on the case and a paralegal spent two hours on the case. *See id.*[1] The Court finds that all 19.6 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Nicole's attorney asserts that her work should be compensated at the hourly rate of $250 and the paralegal's work should be compensated at the hourly rate of $125. *See* Attorney Time Notes 1. To justify the requested attorney rate, she points to the changes in the consumer price index ("CPI") between March 1996 when the $125 per hour rate was set and December 2024 through August 2025. Appl. Att'y Fees 2. To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set. The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v.*

---

[1] The timesheet suggests that the total amount of hours spent on the case is 18.6 hours, but one hour of that time represents paralegal time which is billed at half the rate of the attorney. Attorney Time Notes 1. Rather than treat those two hours as one hour of attorney time, the Court considers the attorney time and paralegal time separately.

4

*Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The national CPI in March 1996 was 155.7 and the average national CPI between December 2024 and August 2025 was 320.445. *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0?years_option=all_years (last visited Oct. 15, 2025). Accordingly, the CPI had increased by a factor of 2.058. Using that factor, an increase in the statutory cap to $257.25 would be warranted.[2] This exceeds the $250 per hour rate Nicole seeks. Nicole's attorney further attests that $250 is in line with the prevailing hourly rate in the local community for similar services. *See* Dempsey Aff. ¶ 4, ECF No. 14 at 5.

    Nicole's attorney provides no support for her request for fees for two hours of paralegal work at a rate of $125 per hour. However, courts within this circuit have found hourly rates for paralegals between $100 and $125 to be reasonable in EAJA cases. See *Pulatov v. U.S. Citizenship & Immigr. Servs.*, 532 F. Supp. 3d 575, 581 (N.D. Ill. 2021) (awarding rates of $100/hour and $125/hour); *Bryan M. v. Saul*, No. 4:18-cv-04195-SLD-JEH, 2019 WL 13214086, at *3 (C.D. Ill. Aug. 8, 2019) (awarding a rate of $100/hour). As Nicole's motion is unopposed, the Court finds that $125 per hour is a reasonable rate for paralegal work.

    Based on an hourly rate of $250 for 17.6 hours of work and $125 for two hours of work, Nicole is entitled to $4,650.00 in attorney's fees.

---

[2] The Court's calculations differ from Nicole's calculations. Nicole suggests that the average CPI between December 2024 to August 2025 was 322.561, Appl. Att'y Fees 2, but that was the CPI for June 2025. However, even using the Court's calculations leads to the conclusion that the requested rate is reasonable.

## CONCLUSION

Accordingly, the application for attorney's fees, ECF No. 14, construed as a motion, is GRANTED. Plaintiff Nicole M.P. is awarded $4,650.00 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Nicole owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Nicole has provided an assignment of fees. Fee Agreement, ECF No. 14 at 9. If the Commissioner can verify that Nicole does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Nicole's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Nicole does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Nicole and mailed to the business address of Nicole's attorney.

Entered this 17th day of October, 2025.

                                                             s/ Sara Darrow
                                                             SARA DARROW
                                                    CHIEF UNITED STATES DISTRICT JUDGE